**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBERT MAREK,** | CASE NO. 1:17-CV-01020-DAP |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| vs. | <u>**OPINION AND ORDER**</u> |
| **NAVIENT CORPORATION and NAVIENT SOLUTIONS, INC.** | |
| Defendants. | |

Before the Court is Defendant Navient Solutions, LLC's[1] Motion to Dismiss Complaint. Doc #: 4. For the reasons stated below, the Court grants the Motion.

**I. Background**

    **A. Factual History**

Between 1995 and 2000, Robert Marek borrowed over $130,000 in federal Parent Loan for Undergraduate Students ("PLUS") loans under the Federal Family Education Loans ("FFEL") program to pay for tuition, room and board, and related college expenses for Marek's three children. Compl. ¶ 5, Doc #: 1. Sallie Mae, Inc. was the federal loan servicer for the PLUS loans. *Id.* ¶ 6. On November 23, 2001, Marek's PLUS loans were consolidated, still under the FFEL

---

[1] Navient Solutions, LLC, was improperly named "Navient Corporation" and "Navient Solutions, Inc." in Robert Marek's Complaint. Mot. to Dismiss 1, Doc #: 4.

program, totaling $148,736.23 with an interest rate of 6.750%. *Id*. Between 2001 and 2014, Marek paid $27,934 on the consolidated PLUS loans. *Id*. ¶ 7.

During this time, Navient Solutions, LLC, ("Navient") was a subsidiary to Sallie Mae, Inc., the loan service provider. Compl. ¶¶ 6, 8. On October 13, 2014, Sallie Mae, Inc. and Navient separated, and Navient became the loan service provider for Marek's consolidated PLUS loans. *Id*. ¶ 8.

On August 1, 2016, Marek applied for an Income-Sensitive Repayment Plan ("ISRP") with Navient. Compl. ¶ 18. In his ISRP application, Marek requested to pay Navient twenty percent of his $2,590 gross monthly income. *Id.* ex. A, at 1. In the application, Marek also requested a reduced-payment forbearance. *Id.* The application explained that a reduced-payment forbearance would allow Marek "to pay less than the interest accruing monthly on [his] loan(s) because [he had] a financial hardship." *Id.* Marek included several documents in his ISRP application related to his financial situation. *Id*. at 3–5.

On August 4, 2016, Navient sent two contradictory letter in response to Marek's ISRP application. Compl. exs. B, C. One letter indicated that Marek's ISRP application had been approved and that he would have a monthly payment plan of $1,863.07 for a twelve-month period. Compl. ex. C. The other letter explained that Navient could not process Marek's application because the monthly income he listed on the application was less than the income on other documentation he provided. Compl. ex. B.

The Complaint discussed nothing further until March 20, 2017, when Marek claimed that he owed Navient $348,892.16 for his PLUS loans. Compl. ¶ 7. As of March 21, 2017, Marek also owed Navient "hundreds of dollars in late fees." *Id.* ¶ 22.

**B.     Procedural History**

The procedural history of this case is more involved.

*1.     Marek's First Action (the "First Action")*

On August 15, 2016, Marek, *pro se*,[2] filed his first complaint against Navient. Compl. for Declaratory J. ¶ 1, *Marek v. Navient Corp.*, No. 1:16CV2031, Doc #: 1 [hereinafter First Complaint]. The First Complaint related to the PLUS loans that Marek owed to Navient. *Id*. ¶¶ 6, 8. Marek asserted in his First Complaint that his action was "for [a] declaratory judgment." *Id.* ¶ 1. Specifically, Marek claimed that Navient approved his ISRP for a monthly payment plan of $1,863.07, which was over seventy percent of Marek's gross monthly income of $2,590.11. *Id.* ¶¶ 14, 16.

On September 29, 2016, Navient moved to dismiss the First Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Mot. to Dismiss 1, *Marek v. Navient Corp.*, No. 1:16CV2031, Doc #: 11. The case was referred to Magistrate Judge David A. Ruiz for a Report and Recommendation. The magistrate judge observed that the First Complaint did not state a claim upon which relief could be granted. *Marek v. Navient Corp.*, No. 1:16-cv-02031, 2016 U.S. Dist. LEXIS 180826, at *3 (N.D. Ohio Dec. 6, 2016) (report and recommendation). The magistrate judge recommended that Navient's motion to dismiss be granted and that Marek's First Complaint be dismissed with prejudice. *Id.* at 9. District Judge Boyko agreed. *Marek v. Navient Corp.*, No. 1:16CV2031, 2017 U.S. Dist. LEXIS 868, at 4 (N.D. Ohio Jan. 4, 2017), Doc #: 19. Judge Boyko also explained that "[Marek] simply complains that [Navient] should have approved the repayment amount that [Marek] want[ed] to make," and that

---

[2] Marek is an attorney serving as his own counsel.

Marek's agreement with Navient was not breached. *Id.* Judge Boyko granted Navient's motion to dismiss with prejudice. *Id*. at 4.

    *2.  Marek's Second Action (the "Second Action")*

On May 16, 2017, Marek filed a new complaint, again *pro se*, against Navient which is presently before this Court (the "Complaint" or the "Second Complaint"). Doc #: 1. Marek's Second Complaint alleged many of the same facts as the First Complaint. *Id.* In his Second Complaint, Marek alleged "fraud, and unfair, deceptive or abusive acts and practices under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. Section 1692 *et seq*., engaged in by Navient as a student loan servicer and collector." Compl. ¶ 1.

On June 7, 2017, Navient filed its Motion to Dismiss Complaint (the "Motion to Dismiss"). Doc #: 4. Navient argued that Marek's Second Complaint should be dismissed for three reasons. First, Navient asserted that Marek's claims are barred by claim preclusion because the Second Complaint presented the same claims that were or could have been presented in the First Action. *Id*. at 3. Second, Navient asserted that Marek's FDCPA claim fails as a matter of law. *Id*. at 5. Third, Navient asserted that Marek failed to state a viable fraud claim. *Id.* at 6.

On June 20, 2017, Marek filed his Opposition to Defendants' Motion to Dismiss Complaint (the "Opposition"). Opp'n, Doc #: 5. On June 30, Navient filed a Reply. Doc #: 7. This Order follows.

**II. Legal Standard**

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must allege sufficient facts to compose "a short and plain statement of the claim showing that the pleader is entitled to relief." "To state a valid claim, a complaint must contain direct or inferential allegations respecting all the material

elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

In evaluating a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff and accept the complaint's allegations as true, drawing all reasonable inferences in favor of the plaintiff. *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted). "For a claim to be viable, the complaint must, at a minimum, give the defendant fair notice of what the claim is and the grounds upon which it rests." *Marie v. Am. Red Cross*, 771 F.3d 344, 364 (6th Cir. 2014) (internal quotation marks omitted). Dismissal with prejudice is inappropriate where "a more carefully drafted complaint might state a claim." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (*quoting EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)).

### III. Discussion

In its Motion to Dismiss, Navient argues that Marek's Second Action is barred by res judicata. Mot. to Dismiss 3.

In federal court, res judicata may be raised at the Fed. R. Civ. P. 12(b)(6) motion to

dismiss phase. *See City of Canton, Ohio v. Maynard*, 766 F.2d 236, 237 (6th Cir. 1985) (affirming district court's rule 12(b)(6) dismissal on res judicata grounds). "Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816–17 (6th Cir. 2010) (*quoting Abbott v. Michigan,* 474 F.3d 324, 330 (6th Cir.2007)). Thus, the Court follows Ohio law in analyzing res judicata.

"Under Ohio law, '[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel.'" *Anderson v. City of Blue Ash*, 798 F.3d 338, 350-51 (6th Cir. 2015) (*quoting O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (Ohio 2007)). For clarity, the Court will refer to them going forward as "claim preclusion" and "issue preclusion" only.

> **Claim preclusion** prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. The doctrine also bars any subsequent action whose claims could have been litigated in the previous suit. **Issue preclusion**, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies, and applies even if the causes of action differ.

*Anderson v. City of Blue Ash*, 798 F.3d 338, 350 (6th Cir. 2015) (emphasis added) (citations and internal quotations marks omitted) (*quoting O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (Ohio 2007)). At issue in this case is claim preclusion.

In Ohio, claim preclusion has four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or

-6-

occurrence that was the subject matter of the previous action.

*Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997); *accord Carroll v. City of Cleveland*, 522 F. App'x 299, 303 (6th Cir. 2013).

### A. Judge Boyko issued a valid, final judgment on the merits in the First Action.

"Normally, Rule 12(b)(6) judgments are dismissals on the merits." *Rogers v. Stratton Indus., Inc.*, 798 f.2d 913, 917 (6th Cir. 1986) (cited by *Cobbs v. Katona*, 8 F. App'x 437, 438 (6th Cir. 2001) ("A prior Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim upon which relief may be granted operates as an adjudication on the merits for issue and claim preclusion purposes.")). In the First Action, Judge Boyko issued a valid, final judgment on the merits when he granted Navient's Motion to Dismiss with prejudice. *Marek*, 2017 U.S. Dist. LEXIS 868, at *4. Therefore, the first element of claim preclusion is met.

### B. The First and Second Actions involve the same parties.

The second element of claim preclusion requires that the parties of both actions be the same or be in privity. Here, there is no dispute that the parties are the same. Marek is the plaintiff and Navient is the defendant in both actions. Compl. at 1; First Compl. at 1. Therefore, the second element of claim preclusion is met.

### C. The Second Complaint asserts only claims that were raised or that could have been raised in the First Action.

The third element of claim preclusion requires that the subsequent action assert only "claims that were or could have been litigated in the first action." *Hapgood*, 127 F.3d at 493. However, there is a declaratory judgments exception to the "could have been litigated" prong of the third element: "'Unlike other judgments, however, 'a declaratory judgment determines only what it actually decides and does not preclude other claims that might have been advanced.'

Consequently, '[f]or a previous declaratory judgment, res judicata precludes only claims that were *actually decided.*'" *State ex rel. Coles v. Granville*, 877 N.E.2d 968, 975 (Ohio 2007) (alteration in original) (citations omitted).

Here, the Second Complaint raised many of the same issues as the First Complaint. *Compare* Compl. ¶¶ 5–8, *with* First Compl. ¶¶ 4–10. But, in the Second Action, Marek included a new claim. Specifically, the First Action only included a claim for declaratory judgment (which was construed as a breach of contract claim). However, Marek states that the Second Action is "for fraud, and unfair, deceptive or abusive acts and practices under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. Section 1692 *et seq*., engaged in by Navient as a student loan servicer and collector." Compl. ¶ 1. Though this claim was first raised in the Second Complaint, Marek has not advanced any reason why it could not have been included in the First Action, and the Court sees none. *See* Fed. R. Civ. P. 18(a) ("A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."). Thus, absent an exception, the Second Complaint meets the requirements of the third element of claim preclusion.

In his Opposition, Marek contended that the declaratory judgment exception applies to his Second Action. *See* Opp'n 2 (*quoting* 50 C.J.S. *Judgments* § 944). Indeed, Marek did declare in his First Complaint that his action was "for *declaratory judgment* pursuant to Fed. R. Civ. P. 57 and 28 U.S.C.A. Section 2201, 2202, for the purpose of determining a question of actual controversy." First Compl. ¶ 1(emphasis added). However, requesting and receiving a declaratory judgment are not the same. Here, this exception does not apply because Judge Boyko did not issue a declaratory judgment as a remedy in the First Action, rather he dismissed the case for

failure to state a claim. *See Marek*, 2017 U.S. Dist. LEXIS 868. *See generally State ex rel. Arcadia Acres v. Ohio Dep't of Job & Family Servs.*, 914 N.E.2d 170 (Ohio 2009) (upholding res judicata dismissal based on the prior dismissal of a declaratory judgment action).

The third element of claim preclusion is met.

**D.    The Second Action involves the same transaction and occurrence as the First Action.**

The fourth element of claim preclusion requires that both actions involve the same transaction or occurrence.

The Court has carefully reviewed both Complaints, and it is clear that the Second Complaint asserts no new relevant facts or circumstance that might differentiate it from the First Action. For example, the First Complaint and Second Complaint concern the same PLUS loans that Marek has with Navient. *Compare* Compl. ¶¶ 5–8, *with* First Compl. ¶¶ 4–10. Both Complaints also concern Marek's ISRP application and the response letters from Navient. *Compare* Compl. exs. A–C, *with* First Compl. exs. A–C. Finally, in both Complaints, Marek takes issue with the amount Navient required him to pay on his ISRP. *Compare* Compl. ¶¶ 22–25, *with* First Compl. ¶¶ 18–20. These Complaints involve the same transaction and occurrence.

Because all four elements of claim preclusion are met, Marek's Second Action is barred and the Court must dismiss Marek's Complaint. Furthermore, as the Complaint cannot be fixed to state a claim not so barred, the Complaint is dismissed with prejudice.

**E. Failure to State a Claim**

Because the Second Action must be dismissed on the basis of claim preclusion, the Court need not address Navient's arguments that Marek fails to state a claim under the FDCPA and

fails to plead fraud with particularity. However, for the sake of completeness, the Court will briefly discuss both of these arguments.

  1.  *Marek does not allege a valid FDCPA claim.*

Under the FDCPA, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term does not include . . . . (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6); *see Corbett v. Beneficial Ohio, Inc.*, 847 F. Supp. 2d 1019, 1029–30 (S.D. Ohio 2012) (discussing the default requirement for debt collectors). Here, Marek does not allege that his loans are or were in default, and certainly he does not allege they were in default at the time the loan was obtained by Navient. Accordingly, Navient is not a "debt collector" within the meaning of the FDCPA, and this claim fails.

In opposition, Marek only points out that the Consumer Financial Protection Bureau has sued Navient for wrongdoing similar to what Marek alleges. Opp'n 2; *see* Compl. ¶ 1, *Consumer Financial Protection Bureau v. Navient Corp.,* Case No. 3:17-cv-00101-RDM (M.D. Pa. Jan. 18, 2017) (alleging "unlawful acts and practices in connection with Defendants' servicing and collection of student loans."). However, such a suit in no way supports how *this* claim by *this* plaintiff meets the statutory requirements for a claim pursuant to the FDCPA. Accordingly, dismissal of the FDCPA claim is also appropriate for failure to state a claim.

2. *Marek has not pled fraud with particularity.*

The elements of a claim of fraud under Ohio law are

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Gaines v. Preterm-Cleveland, Inc.*, 514 N.E.2d 709, 712 (1987). Importantly, under Fed. R. Civ. P. 9(b), there is a heightened pleading requirement for actions sounding in fraud: "a party must state with particularity the circumstances constituting fraud or mistake." This includes identifying the "who, what, when, where, and how" of the alleged fraud. *Bondali v. Yum! Brands, Inc.*, 620 Fed. App'x 483, 488–89 (6th Cir. 2015) (citing *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006)).

Navient argues that the the Complaint is "bereft of any details" and "does nothing more than label alleged conduct by [Navient] as 'fraud,' without identifying specific misrepresentation by Navient, much less specific facts . . . ." Mot. to Dismiss 7. Navient is partially correct. The Complaint does allege some relevant facts. For instance, the Complaint alleges that Marek was misleadingly steered by Navient into forbearance instead of U.S. Department of Education programs for which he was eligible, to his detriment and Navient's benefit, over a span of years. Compl. ¶ 12, 15, 16. Marek also attaches to his complaint two contradictory letters from Navient contemporaneously both denying his application for an ISRP and granting his application—although requiring him to pay approximately 72% of his stated income as opposed to the 20% he had requested. Compl. ¶ 19, exs. B, C. However, while Marek does allege limited

facts, these facts are insufficient under the heightened pleading standard of Rule 9 to establish the "who, what, when, where, and how" of the alleged fraud with particularity. According, dismissal, albeit without prejudice, is also appropriate on this basis. *Boroff v. Alza Corp.*, 685 F. Supp. 2d 704, 711 (N.D. Ohio 2010) (citing *Bledsoe*, 342 F.3d 634) ("The failure to properly plead fraud is not grounds for dismissal with prejudice.").

**IV.     Conclusion**

For the reasons stated herein, Defendants' Motion to Dismiss, Doc. #: 4, is GRANTED, and the above-captioned case is dismissed with prejudice on the basis of claim preclusion.

IT IS SO ORDERED.

>  */s/ Dan A. Polster     July 6, 2017*
> **DAN AARON POLSTER**
> **UNITED STATES DISTRICT JUDGE**